IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2508-STA-dkv |
| | ) | |
| ONE MEN'S ROLEX MASTERPIECE WATCH, SERIAL #K573643 | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIM**

Before the Court is Plaintiff's Motion to Dismiss Claim, (D.E. # 37), filed on April 21, 2008, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Claimant, John Ford, has failed to respond. For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

**BACKGROUND**

Claimant, John Ford, was indicted by a federal grand jury on May 25, 2005. On May 26, 2005, Claimant was arrested on a warrant and his property was seized at that time. The property has remained in the custody of the Federal Bureau of Investigation in Memphis, Tennessee. On July 31, 2007, Plaintiff, the United States of America, filed a Verified Complaint of Forfeiture claiming that the property was subject to forfeiture based upon 18 U.S.C. §981(a)(1)(c), which provides for the forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' as defined in

1

18 U.S.C. §1956(c)(7), or a conspiracy to commit such offense;" specifically, bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666. On September 4, 2007, Plaintiff filed an Amended Verified Complaint of Forfeiture. On November 20, 2007, Claimant filed a Claim for Seized Property and on the following day filed an Answer to the Verified Complaint. On January 4, 2008, Claimant filed an Answer to the Amended Verified Complaint of Forfeiture. Both the Claim for Seized Property and the Answer are signed by Claimant's attorney, but are not signed by Claimant under penalty of perjury.

## **ANALYSIS**

"The Supplemental Admiralty and Maritime Claims [R]ules govern judicial forfeiture proceedings."[1] "A claimant must possess Article III and statutory standing pursuant to [Supplemental] Rule C(6) [now Supplemental Rule G] in order to contest the government's forfeiture action."[2] A claimant is held "to strict compliance with the provisions of [Supplemental Rule G]."[3] Supplemental Rule G(5) provides:

Responsive Pleadings

(a) Filing a Claim.

---

[1] *United States v. $267,961.07*, 916 F.2d 1104, 1107 (6thCir. 1990).

[2] *Id*. Effective December 1, 2006, the pleading requirements formerly set out in Supplemental Rule C(6) were replaced by Supplemental Rule G. Most of the legal principles in the cases that cite the older rule are readily transferrable to the current rule. However, there is one notable difference between the rules; whereas Rule C(6) permitted the verification of the claim to be accomplished by an attorney in certain circumstances, Rule G(5)(a) requires that the claimant himself sign under penalty of perjury. *Cf.*, *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1118 (9th cir. 2004) (noting that Rule C(6) provides that, "The claim shall be verified on oath or solemn affirmation . . . If the claim is made on behalf of the person entitled to possession by an attorney, it shall state that the . . . attorney is duly authorized to make the claim.") *with* Rule G(5)(a)(i)(C), *infra*.

[3] *United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24 (6th Cir. 1988).

2

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> > **(A)** identify the specific property claimed;
> >
> > **(B)** identify the claimant and state the claimants interest in the property;
> >
> > **(C)** be signed by the claimant under penalty of perjury;
> >
> > **(D)** be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

"Notwithstanding the existence of Article III standing, a claimant's failure to strictly adhere to Supplemental Rule [G] precludes the requisite statutory standing to contest a government forfeiture action."[4] Plaintiff argues that claimant lacks the requisite statutory standing to contest the government's forfeiture action because the claimant failed to sign the claim under penalty of perjury as required by Supplemental Rule G(5). "The purpose of this requirement is to prevent the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the defendant property."[5] Furthermore, the notarized signature of an attorney is insufficient to satisfy this requirement.[6] Both Claimant's Claim and Answer in this instance are signed by his attorney, and claimant failed to verify either document under penalty of perjury, as required by

---

[4] *$267,961.07* at 1108.

[5] *Id*.

[6] *Id*.

3

Supplemental Rule G.

Supplemental Rule G(8)(c)(i) provides that "[a]t any time before trial, the government may move to strike a claim or answer (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing."[7] Although Plaintiff filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) instead of a motion to strike, the Court finds that technicality irrelevant for purposes of the present motion.[8] Therefore, Plaintiff's motion to dismiss will be treated as a motion to strike under Supplemental Rule G.

## CONCLUSION

In accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court finds it appropriate to grant Plaintiff's Motion to Dismiss Claim for Claimant's failure to comply. Therefore Plaintiff's Motion to Dismiss Claim is **GRANTED**.

**IT IS SO ORDERED.**

                                             s/ S. Thomas Anderson
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: July 10th, 2008.

---

[7] Supplemental Admiralty and Maritime Claims Rule G(8)(c)(i), 28 U.S.C.

[8] *Cf. Cobra Capital LLC v. Stover Indus., Inc.*, 2007 WL 844635, *1 n.1 (N.D. Ill. Mar. 14, 2007) (internal citations omitted). "Technically, affirmative defenses are subject to being stricken under Rule 12(f), not dismissed under Rule 12(b)(6). The same standard applies to both kinds of motions, however. Consequently, the Court refers to both as motions to dismiss." *Id.*