# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE MEN'S ROLEX MASTERPIECE ) <br> WATCH, Serial # K573643, ) <br> ) <br> Defendant. ) | No. 07-2508-STA-dkv |

## ORDER DENYING CLAIMANT'S MOTION TO SET ASIDE DISMISSAL ORDER AND DEFAULT JUDGMENT

Before the Court is Claimant John Ford's July 18, 2008 Motion to Set Aside Dismissal Order and Default Judgment (D.E. # 49). Plaintiff, the United States of America, responded on August 4, 2008 (D.E. # 50). This Motion is now ripe for disposition. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Claimant John Ford was indicted by a federal grand jury on May 25, 2005 for acts of corruption, intimation, and extortion as an elected official pursuant to 18 U.S.C. §§ 666, 1512(b)(3), and 1951. On May 26, 2005, Claimant was arrested. At the time of Claimant's arrest he was wearing a Rolex Masterpiece Watch (the Defendant property in the instant motion), which was seized and entered into evidence at FBI Memphis (D.E. # 8-3).

According to Plaintiff the United States of America's Amended Verified Complaint (D.E. # 8) and the attached Amended Verified Affidavit, which was filed on September 4, 2007

1

pursuant to 18 U.S.C. § 981(a)(1)(c),[1] Defendant Rolex Masterpiece Watch was obtained by Claimant in exchange for Claimant's performance of the same actions for which Claimant was indicted and arrested. An *in rem* warrant of arrest issued for Defendant Rolex Masterpiece Watch on October 10, 2007 (D.E. # 9). In response to these filings, Claimant filed (1) a Claim for Seized Property on November 20, 2007 (D.E. # 14), (2) an Answer to the original Complaint on November 21, 2007 (D.E. # 15), and (3) an answer to the Amended Complaint on January 4, 2008 (D.E. # 24). These documents were all signed by Claimant's counsel but were not signed by Claimant under penalty of perjury.

On April 21, 2008 Plaintiff filed a Motion to Dismiss Claimant's Claim and Answer (D.E. # 37). Following this filing, on May 12, 2008, Claimant's counsel began trial in the case of *United States v. Edmond Ford*, which concluded May 21, 2008. Subsequently, on May 29, 2008, Plaintiff filed a Motion to Extend the Discovery and Dispositive Motions Deadline, citing counsel's trial involvement as one reason why more time was needed (D.E. # 40). The Court granted the extension on May 29, 2008 (D.E. # 41). Then, on July 11, 2008, having received no response from Claimant, the Court granted the government's Motion to Dismiss for Claimant's failure to sign his claim under penalty of perjury as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Disclosure (D.E. # 44).[2]

---

[1] This statute provides for the forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' as defined in 18 U.S.C. §1956(c)(7), or a conspiracy to commit such offense;" specifically, bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666.

[2] Rule G(5)(a)(i) states:
A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim

Plaintiff submitted a Motion for Entry of Default (D.E. # 45), which the Clerk entered on July 14, 2008 (D.E. # 46). Plaintiff then filed a Motion for Default Judgment that same day (D.E. # 47), which the Clerk also entered July 14, 2008 (D.E. # 48).

The instant Motion was filed July 18, 2008 (D.E. # 49), and seeks to set aside the judgment of default and grant of dismissal pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). Additionally, Claimant seeks to have the default judgment rendered void pursuant to Federal Rule of Civil Procedure 55(b)(2).

## **ANALYSIS**

I.  Excusable Neglect

Claimant has moved to set aside the Default Judgment and Order of Dismissal, stating that Claimant's action "amounts to excusable neglect and oversight that should allow for the Order and Judgment to be set aside under Rule 55(c) and 60(b) " (D.E. # 49).

Federal Rule of Civil Procedure 55(c) states that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Federal Rule of Civil Procedure 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect...." Whether to vacate a judgment based on "mistake, inadvertence, surprise, or excusable neglect" is determined by the following factors: "(1)

---

must:
(A) identify the specific property claimed;
(B) identify the claimant and state the claimant's interest in the property;
(C) be signed by the claimant under penalty of perjury; and
(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

3

[W]hether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."[3] In applying these factors, the party requesting relief under Rule 60(b) must "demonstrate first and foremost that the default did not result from his culpable conduct."[4] To carry this burden, the party must show "that his default was the product of 'mistake, inadvertence, surprise, or excusable neglect.'"[5] "It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted."[6]

Because a Default Judgment was entered, instead of an Entry of Default, the "good cause shown" standard of Rule 55(c) is not applicable to the instant motion; instead the more stringent "excusable neglect" standard of Rule 60(b) determines whether the requested relief is permissible.[7] Additionally, because the Order of Dismissal was a judgment on the merits, Rule

---

[3] *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

[4] *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

[5] *Id.* (*quoting Waifersong, Ltd.*, 976 F.2d at 292 (holding that "when relief is sought under Rule 60(b)(1)...the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect")).

[6] *Waifersong, Ltd.*, 976 F.2d at 292 (stating that once judgment has been entered, "the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation") (*citing United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

[7] *See* Fed. R. Civ. Pro. 55(c); Fed. R. Civ. Pro. 60(b); *see also Waifersong, Ltd.*, 976 F.2d at 292 (stating "[w]hen asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry").

60(b)'s "excusable neglect" standard also governs whether it should be set aside.[8]

In making a Rule 60(b) determination, "a litigant's carelessness or negligence does not constitute grounds for relief."[9] Carelessness and negligence may include a claim of attorney error, such as mistake of law and/or inaction based on mistake of law, and as such will not amount to excusable neglect.[10]

Claimant's counsel now seeks to assert the following as instances of excusable neglect under which the Claimant should be entitled to relief pursuant to Rule 60(b): (1) because of counsel's involvement in another matter, the filing of Claimant's Response to the Government's Motion to Dismiss was inadvertently overlooked; (2) because counsel reviewed the original documents with Claimant, he was mistakenly under the impression the original claim was signed by Claimant under the penalty of perjury; and (3) because counsel contends that the 2005 Supplemental Admiralty and Maritime Claims Rules were applicable, counsel's submission of a claim without Claimant's signature under penalty of perjury was technically correct.

---

[8] *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). Pursuant to Supplemental Rule G(8)(c)(i) "[a]t any time before trial, the government may move to strike a claim or answer (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing. Supp. Admiralty and Maritime Claim Rule G(8)(c)(i). Although Plaintiff's Motion to Dismiss was filed under Federal Rule of Civil Procedure 12(b)(6), instead of as a motion to strike pursuant to Supplemental Rule G(8)(c)(i), the Court found the technicality irrelevant for the purposes of that motion, and treated the Government's Motion to Dismiss as a Motion to Strike (D.E. # 44). In so doing the Court analogized that "[t]echnically, affirmative defenses are subject to be stricken under Rule 12(f), not dismissed under Rule 12(b)(6). The same standard applies to both kinds of motions, however. Consequently, the Court refers to both as motions to dismiss." *Cobra Capital L.L.C. v. Stover Indus., Inc.*, No. 06 C 2822, 2007 WL 844635, *1 n.1 (N.D. Ill. Mar. 14, 2007).

[9] *Saxxon v. Titan-C Mfg., Inc.*, 86 F.3d 553, 447 n.1 (6th Cir. 1996).

[10] *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 593-94 (6th Cir. 2002).

None of Claimant's stated grounds are appropriate reasons for granting relief pursuant to Rule 60(b)'s "excusable neglect" standard. Counsel's inadvertence in failing to respond, his mistaken belief that Claimant had signed under penalty of perjury, and his mistaken application of the law are not permissible grounds for relief.[11] As previously stated "a litigant's carelessness or negligence does not constitute grounds for relief."[12] Although Claimant's counsel propounds that Claimant's signature was not necessary under the 2005 Supplemental Rules, this proposition is simply incorrect as the applicable law would be the law in effect at the time the Complaint for Forfeiture was filed. Supplemental Rule G, which requires that Claimant sign his claim under penalty of perjury, was added April 12, 2006 and effective December 1, 2006. The original Verified Complaint was filed on July 13, 2007, well after Amended Supplemental Rule G went into effect. Claimant fails to cite any authority for his proposition that the applicable law should be the law that was in effect at the time the property was seized. As such Claimant's counsel's mistaken application of the law is not an appropriate ground for relief under Rule 60(b).[13]

## II. Default Judgment

Claimant also submits that the Default Judgment should be renderd void as "default in this case was not for failure to appear," thus making the provisions of Rule 55(b)(2) applicable and the Clerk's entry of default impermissible.

Federal Rule of Civil Procedure 55(b) for Entry of Default provides:

(1) If the plaintiff's claim is for a sum certain or a sum that can be made certain by

---

[11] *See McCurry*, 298 F.3d at 593-94; *Saxxon*, 86 F.3d at 447; *Waifersong, Ltd.*, 976 F.2d at 292.

[12] *Saxxon*, 86 F.3d at 447 n.1.

[13] *See McCurry*, 298 F.3d at 593-94.

computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) In all other cases, the party must apply to the court for a default judgment....If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Thus, a clerk may enter a plaintiff's request for entry of default, when a party has defaulted for failure to appear.[14] "Civil forfeiture actions are brought against property, not people."[15] As such "the property subject to forfeiture is the defendant[, and] defenses against forfeiture can be brought only by third parties."[16] Thus, a default entry in a civil forfeiture action is entered "against the property and against the [claimants'] interests therein."[17] The purpose of these *in rem* actions is to "conclusively determine ownership right in the seized property."[18]

---

[14] *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1531 (11th Cir. 1985) (stating also that "[t]he Federal Rules do not even require that parties who default for failure to appear receive notice of the default judgment").

[15] *See United States v. All Funds in Accts. Nos. 747.034/278, 747.009/278, & 747.714/278 Banco Espanol De Credito, Spain*, 295 F.3d 23, 25 (D.C. Cir. 2002).

[16] *United States v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 40 (1st Cir. 2003).

[17] *United States v. 42.5 Acres, More or Less*, 834 F. Supp. 2d 912, 919-20 (S.D. Miss. 1992).

[18] *In re Matthews*, 395 F.3d 477, 481 (4th Cir. 2005).

In the instant Motion Claimant does not dispute that the Entry of Default was for a sum certain, but instead contends that Entry by the Clerk was impermissible, as it was not taken for failure to appear. The defendant in this case was One Men's Rolex Masterpiece Watch. The Defendant watch did not appear, because defendant property will not appear to defend itself, instead only third party claimant's will appear to raise defenses.[19] Thus, Entry of Default by the Clerk for failure to appear is appropriate when no timely claim or defense is filed by a third party on behalf of the defendant property, which is in keeping with the purpose of an *in rem* action that allows the Government to conclusively determine ownership right in the seized property.

## CONCLUSION

Because Claimant has not demonstrated excusable neglect as required to set aside the Order of Dismissal and Default Judgment, and because Entry of Default by the Clerk was appropriate, Claimant's Motion to Set Aside Dismissal Order and Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18th, 2008.

---

[19] *See One-Sixth Share of James J. Bulger*, 326 F.3d at 40.